Citation Nr: 1607937 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 06-24 881A ) DATE
 )
 )
On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUES

1. Entitlement to service connection for a low back disability, to include as secondary to service-connected residuals of a left medial malleolus fracture.

2. Entitlement to service connection for a psychiatric disability, to include as secondary to residuals of a left medial malleolus fracture.

3. Entitlement to service connection for a right hip disability, to include as secondary to residuals of a left medial malleolus fracture.

4. Entitlement to service connection for a right knee disability, to include as secondary to residuals of a left medial malleolus fracture.

5. Entitlement to an extraschedular rating for residuals of a left medial malleolus fracture.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States
WITNESS AT HEARINGS ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

L. B. Yantz, Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from November 1975 to January 1978. The case is before the Board of Veterans' Appeals (Board) on remand from the United States Court of Appeals for Veterans Claims (Court). The case was originally before the Board on appeal from October 2004 and November 2005 rating decisions of the Chicago, Illinois Department of Veterans Affairs (VA) Regional Office (RO); the October 2004 rating decision denied service connection for a low back disability and a psychiatric disability, and granted an increased schedular rating of 20 percent for residuals of fractured left medial malleolus; the November 2005 rating decision denied service connection for a right hip disability and a right knee disability. In September 2010, a Travel Board hearing was held before the undersigned, and a transcript of the hearing is in the record. Following a November 2011 Board decision denying a schedular rating in excess of 20 percent for residuals of a left medial malleolus fracture and remanding the current issues for additional development, a November 2012 Board decision denied service connection for a low back disability, a psychiatric disability, a right hip disability, and a right knee disability, and an extraschedular rating for residuals of fractured left medial malleolus. The Veteran appealed that November 2012 decision to the Court. In July 2013, the Court issued an order that vacated the November 2012 Board decision and remanded all of the matters for readjudication consistent with the instructions outlined in a June 2013 Joint Motion for Remand (Joint Motion) by the parties. Thereafter, in May 2014, a videoconference hearing was held before the undersigned, and a transcript of the hearing is in the record. In July 2014, the case was remanded for additional development.

The issue of service connection for a left hip disability has been raised by the record (in a June 2009 written statement), but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is once again referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015); see 79 Fed. Reg. 57,660 (Sept. 24, 2014) (codified in 38 CFR Parts 3, 19, and 20 (2015)).

The appeal is REMANDED to the AOJ. VA will notify the Veteran if action on his part is required.


REMAND

On review of the record, the Board has found that further development is needed for VA to fulfill its duties mandated under the VCAA.

Service Connection Issues

Pursuant to the Board's July 2014 remand, in January 2015 the AOJ sent the Veteran a letter asking him to complete a VA Form 21-4142, Authorization and Consent to Release Information to the Department of Veterans Affairs, for the release of treatment records pertaining to his claimed low back, psychiatric, right hip, and right knee disabilities (including any such records pertaining to a 2007 low back surgery, to 1990s mental health treatment and/or hospitalization, to right knee treatment/diagnosis, and to a 2011 right hip surgery). In February 2015, the Veteran submitted a VA Form 21-4142 for three private facilities (Advocate Christ Medical Center, Advocate South Suburban Hospital, and Advocate Holy Trinity), as well as his treatment records (for the dates he specified on such form) from all three of those facilities. While the AOJ failed to notify him of the governing regulation (38 C.F.R. § 3.158(a)) which provides that he would have one year from the January 2015 notice letter to submit the additional evidence or information sought, the Board finds that such notice became unnecessary when the Veteran submitted the requested authorization and evidence within that one year. In addition, while the Veteran's representative argued in a January 2016 brief that VA did not appear to have taken action to request the records from the three private facilities identified by the Veteran, the Board finds that such action is unnecessary in light of the fact that the Veteran submitted the specified treatment records himself.

Following the completion of the requested development on remand pertaining to the service connection issues (i.e., sending the January 2015 notice letter, receiving the requested authorization form and private treatment reports from the Veteran, and securing all updated VA treatment reports), the AOJ issued a supplemental statement of the case (SSOC) in June 2015; however, this SSOC only addressed the issue of an extraschedular rating for residuals of a left medial malleolus fracture, and inexplicably failed to address any of the service connection issues on appeal. Therefore, corrective action is necessary. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance).

Extraschedular Rating Issue

Pursuant to the Board's July 2014 remand, the AOJ secured all updated VA treatment reports, scheduled the Veteran for a new VA examination for his left ankle (which was conducted in February 2015), and then forwarded the case (by way of a March 2015 opinion from a Decision Review Officer (DRO) at the AOJ) to the Director of Compensation and Pension Service for consideration as to whether an extraschedular rating under 38 C.F.R. § 3.321(b)(1) is warranted for the Veteran's residuals of fractured left medial malleolus. The March 2015 DRO opinion recommended a denial of an extraschedular rating for residuals of fractured left medial malleolus, after noting all of the evidence of record (including the factors outlined in the Board's November 2011 remand, the Veteran's May 2014 hearing testimony, the updated treatment records, and the February 2015 VA examination findings) and considering such evidence accordingly. In June 2015, the Director determined that entitlement to an extraschedular rating for residuals of fractured left medial malleolus should be denied; however, while the Director noted a review of the March 2015 DRO opinion and included a specific discussion about the February 2015 VA examination findings, the Director did not specifically (as instructed by the June 2013 Joint Motion) consider and address the factors outlined in the Board's November 2011 remand, the Veteran's May 2014 hearing testimony, or any updated treatment records. Therefore, a new opinion from the Director must be obtained. See Stegall, 11 Vet. App. at 268, 271. [In a January 2016 brief, the Veteran's representative argued that the Director's opinion had erroneously stated that the Veteran did not have arthritis in the left ankle, but the Board finds that no such statement was ever made by the Director; in fact, the Director's opinion clearly acknowledges that there is evidence of osteoarthritis in the left ankle, as noted at the February 2015 VA examination.]

Accordingly, the case is REMANDED for the following:

1. The AOJ must return the record to the VA Director of Compensation and Pension Service for a new opinion as to whether an extraschedular rating under 38 C.F.R. § 3.321(b)(1) is warranted for the Veteran's residuals of fractured left medial malleolus. In the opinion, the Director must specifically (as instructed by the June 2013 Joint Motion) consider and address the factors outlined in the Board's November 2011 remand, the Veteran's May 2014 hearing testimony, and any updated treatment records.

2. The AOJ should then review the record, ensure that all development sought is completed (and arrange for any further development suggested by any additional evidence received), and readjudicate all of the claims on appeal. If any remains denied, the AOJ should issue an appropriate SSOC, afford the Veteran and his representative opportunity to respond, and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
GEORGE R. SENYK
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).